*Murray, in the matter of the attachment, *against*  [*278]
The Trustees of The Ringwood Company.

Where the trustees of an absconding debtor, appointed under the act, sold his
lands, and gave a deed conveying all the debtor's right and title, and the
purchaser was evicted of a part of the land, it was held, that the trustees
were not liable to refund any part of the purchase money.
Trustees and persons acting *in auter droit*, are not responsible, unless there
be fraud or an express warranty.

. An attachment having issued against certain persons, un-
der the description of the American Iron Company, or Ring-
wood Company, Peter Goelet, Robert Morris and William Pop-
ham, were appointed trustees, pursuant to the act for relief
against absconding or absent debtors.  The trustees sold all

the right, title and interest of the Company to certain lands at public auction, and three of the lots were conveyed by the trustees to John B. Murray.

An action of ejectment was afterwards brought by Murray and others, who purchased of the trustees, against [*279] persons who claimed title to part of the lands, *and they recovered only 14-18th parts of the land so purchased by them. (See 1 Johns. Cas. 372, 377.) Murray claimed to be refunded 4-18th's of the purchase money paid to the trustees. And,

*Pendleton,* in his behalf, now moved for an order under the 27th section of the act, to refund 4-18th's of the purchase money, and to pay the costs of the action of ejectment. He cited 2 Eq. Cas. Abr. 688. 1 Ves. 126.

*Harison,* contra, admitted the power of the court under the act to interfere; but he contended, that in cases of executors, trustees and others, acting *in auter droit,* they can never be liable, unless in cases of fraud, or on an express covenant. That the trustees sold only the right and title of the company, and it was incumbent on the purchaser to look to the goodness of the title. The old maxim of *caveat emptor,* is applicable to them. He cited Doug. 630. 3 Ves. jun. 235.

*Per Curiam.* It is unnecessary to decide, whether this application is within the 27th section of the act, since we are clearly of opinion that it is unfounded on the merits. The trustees in selling the land, acted *in auter droit,* and the covenants in the deed are expressly confined to their own acts, and do not warrant the title. They merely sold all the right and title of the Ringwood Company, and it was incumbent on the purchaser to look to the goodness of the title. There is neither an express nor an implied warranty on the part of the trustees; and the rule of *caveat emptor* strictly applies. The motion must be denied.

Rule refused.